IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

QUINCY M. NERI,

                Plaintiff,

v.

SENTINEL INSURANCE COMPANY LTD and
ERIC FERGUSON dba White School Studios,

                Defendants.

OPINION and ORDER

13-cv-382-jdp[1]

---

Plaintiff Quincy M. Neri has brought this proposed action for damages against defendants Eric Ferguson and his insurer, Sentinel Insurance Company, for Ferguson's alleged violation of her copyright and trade dress rights in a blown-glass sculpture called "Mendota Reflection," which was created by plaintiff and installed into the ceiling of a renovated condominium entryway. Currently before the court are defendants' motions to dismiss the case as well as a motion to intervene by Rodney Rigsby, the co-owner of copyrights in the sculpture.

After considering the arguments raised by the parties, I will grant defendants' motions to dismiss the cases because plaintiff's copyright and trademark claims are barred by the doctrine of claim preclusion, which prevents a party from bringing a new lawsuit asserting claims that were or could have been resolved in a previous lawsuit. To the extent that plaintiff attempts to bring a claim for bad faith against Sentinel Insurance, that claim will be dismissed as well. As a result of this decision, Rigsby's motion to intervene will be denied as moot.

---

[1] This case was reassigned to me pursuant to a May 16, 2014 administrative order. Dkt. 45.

1

BACKGROUND

In August 2011, plaintiff filed a lawsuit in this court, *Neri v. Monroe*, 11-cv-429-slc (W.D. Wis.), alleging copyright and trademark infringement claims against several defendants, including Eric Ferguson, who was hired by the firm renovating the condominium entryway to take "before," "during," and "after" photographs of the project that included plaintiff's blown-glass sculpture. Ferguson granted the renovation firm "unlimited rights of usage" of the photographs. Photographs of the entryway and sculpture appeared on the firm's website, newsletter, and in applications for remodeling industry awards. With Ferguson's permission, an interior designer employed by the renovation firm posted photographs of the entryway on her own website and on a University of Wisconsin Design Studies website in conjunction with a class she taught there. Plaintiff was allowed to proceed only on her copyright claims. In an order entered on September 21, 2012, the court granted defendants' motion for summary judgment on the copyright claims after concluding that plaintiff did not have a valid copyright registration in the sculpture when she filed her complaint. Plaintiff appealed this decision.

Shortly before the summary judgment opinion in the '429 case, plaintiff filed a second lawsuit in this court bringing copyright and trademark infringement, breach of contract, misrepresentation, and tortious interference with contract claims against Ferguson and other defendants with regard to the completion and subsequent photographing of the entryway and sculpture. *Neri v. Pinckney Holdings*, 12-cv-600-slc (W.D. Wis.). In an October 26, 2012 order, the court denied plaintiff leave to proceed *in forma pauperis* in the second lawsuit after concluding that her claims of copyright and trademark infringement were barred by the

doctrine of claim preclusion and deciding against exercising supplemental jurisdiction over the other claims, which arose under state law.

On May 29, 2013, plaintiff filed the present case against Ferguson and his insurer concerning infringement for parts of 2010 and 2011. In a July 31, 2013 order, the court denied plaintiff leave to proceed *in forma pauperis* in this case on the same claim preclusion grounds underlying the decision in the '600 case. Plaintiff appealed this decision. The claim preclusion rationale supporting dismissal of this case was upended on August 12, 2013, when the Court of Appeals for the Seventh Circuit vacated this court's decision granting summary judgment to defendants in the '429 case and remanding the case for further proceedings. *Neri v. Monroe*, 726 F.3d 989 (7th Cir. 2013). On December 3, 2013, the court of appeals vacated the judgment in the present case and remanded it for further proceedings. On January 27, 2014, upon re-screening plaintiff's claims, the court allowed plaintiff to proceed on the following claims: (1) copyright infringement under federal law; and (2) trade dress infringement under the federal Lanham Act, Wisconsin common law, and Wis. Stat. § 132.033.

On February 20, 2014, defendant Ferguson filed a motion to dismiss the present case as duplicative of the '429 case or in the alternative, to hold it in abeyance pending the disposition of the '429 case. Shortly thereafter, this court again granted summary judgment to defendants in the '429 case, this time on the grounds that (1) defendants' use of the photographs constituted fair use; and (2) plaintiff did not meet the criteria for statutory damages and could not prove actual damages.[2] Ferguson supplemented his motion to dismiss

---

[2] The court of appeals subsequently affirmed this decision. *Neri v. Monroe*, no. 14-1524 (7th Cir. July 24, 2014).

with an argument that the judgment in the '429 case precluded plaintiff from bringing this lawsuit. Defendant Sentinel Insurance has filed its own motion to dismiss, joining in Ferguson's briefs.

OPINION

A.  **Motion to Dismiss**

"[D]ismissal under [Federal Rule of Civil Procedure] 12(b)(6) is appropriate[3] when a defendant raises [claim preclusion] as an affirmative defense and it is clear from the complaint's face, and matters of which the district court can take judicial notice, that the plaintiff's claims fail as a matter of law." *Local 25 S.E.I.U. Welfare Fund, et al. v. Great Lakes Maint. and Sec. Corp.*, 55 Fed. Appx. 373, 374 n.1 (7th Cir. 2002). This court already concluded in its July 31, 2013 order that the earlier judgment in the '429 case precluded plaintiff from bringing her present claims:

> Under federal law, the three requirements of claim preclusion are (1) an identity of parties or their privies; (2) an identity of causes of action; and (3) a final judgment on the merits. *Central States*, 296 F.3d at 628. Defendant Eric Ferguson is a defendant in this case, as he was in the first two trademark and copyright cases that plaintiff has filed or attempted to file in this court. In addition, this proposed action "is based upon the same incident, events, transaction, circumstances, or other factual nebula as [the] prior suit[s] that went to judgment." *Okoro v. Bohman*, 164 F.3d 1059, 1062 (7th Cir. 1999), and a final judgment was entered on the merits in *Neri v. Monroe*, 11-cv-429-slc, dkt. #153. Plaintiff cannot pursue any further relief from defendant Ferguson for any actions he took in connection with the sculpture that either were or could have been litigated in case 11-cv-429-slc.

---

[3] Technically, defendants should have raised claim preclusion as an affirmative defense and then followed up with a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). *Carr v. Tillery*, 591 F.3d 909, 913 (7th Cir. 2010). However, because the "the error is of no consequence" and plaintiff does not object, there is no reason to direct defendants to file an answer and new motion. *See id*.

4

Dkt. 5 at 3-4. In addition, as this court previously stated, plaintiff cannot bring claims against defendant Sentinel Insurance because it is in privity with Ferguson. *Id*. at 4. The only reason plaintiff was allowed to proceed with her claims in this case was the fact that the previous judgment in the '429 case was vacated; now that a new judgment has been entered in the '429 case, the court's reasoning in the July 31, 2013 order again applies.

Plaintiff argues that claim preclusion should not apply because defendant Ferguson conceded to the validity of her copyrights in the '429 case, "there is the open and unresolved claim of Eric Ferguson's copyright infringement from the years 2010-1022 [sic, the court understands plaintiff to mean 2012]," and that Ferguson "is responsible for a continuous trigger giving unlimited licenses for use of my copyrights and trademarks." However, Ferguson's concession to the validity of plaintiff's copyrights is irrelevant in lieu of the ruling in the '429 case that the uses of Ferguson's photographs were fair use. Moreover, to the extent that plaintiff seems to be arguing that Ferguson is responsible for additional or ongoing violations of her copyrights and trademarks, the only allegedly infringing activities named by plaintiff in her complaint (the use of the photographs in websites, newsletters, and applications for remodeling industry awards) are clearly "based upon the same incident, events, transaction, circumstances, or other factual nebula" as the '429 case, so claim preclusion bars both the federal and state intellectual property claims in this lawsuit. *Okoro v. Bohman*, 164 F.3d 1059, 1062 (7th Cir. 1999); *see also Czarniecki v. City of Chicago*, 633 F.3d 545, 550 (7th Cir. 2011) ("Because both of Czarniecki's federal claims and his new state-law claims are based on the same set of factual allegations as his § 1983 claim, res judicata bars Czarniecki's Title VII claim and his state-law claims.")

With regard to defendant Sentinel Insurance, plaintiff argues that because Sentinel refused to intervene to defend Ferguson in the '429 case, it is in breach of contract with Ferguson. Even assuming that this claim[4] would not be barred by claim preclusion, plaintiff could not prevail on it for two reasons: (1) under Wisconsin law, a third party who has asserted a claim against an insured cannot bring a bad faith claim against the insured's insurance company, *Kranzush v. Badger State Mutual Casualty Co.*, 103 Wis.2d 56, 73, 307 N.W.2d 256 (1981); and (2) in any case, Sentinel has not damaged plaintiff in any way. Accordingly, I will grant defendants' motions to dismiss this case.

### B. Motion to Intervene

As he has done in several other cases in his court, Rodney Rigsby has filed a motion to intervene in this case, saying that he is the co-owner of plaintiff's copyright in Mendota Reflection. Defendants oppose Rigsby's intervention. In addition to arguing the merits of intervention as a right under Federal Rule of Civil Procedure 24(a), defendants argue that Rigsby has used this tactic ten times[5] in either this court or the Dane County Circuit Court to avoid paying filing fees; in those cases, either plaintiff or Catherine Conrad, another frequent filer in this court, files the complaint and is granted *in forma pauperis* status based on her relative indigency. After *in forma pauperis* status has been granted, Rigsby intervenes

---

[4] Although it is this court's usual practice to relinquish jurisdiction over state law claims following dismissal of all of the federal claims in a lawsuit, it need not do so where it is obvious that the state law claims are futile. *Van Harken v. City of Chicago*, 103 F.3d 1346, 1354 (7th Cir. 1997).

[5] The Western District cases include *Conrad v. Westport Marine, Inc.*, no. 09-cv-49-bbc (W.D. Wis.); *Conrad v. Isthmus Publishing, Inc.*, no. 09-cv-566-bbc; *Conrad v. Bendewald*, no. 11-cv-305-bbc; *Neri v. Monroe*, no. 11-cv-429-slc; and the present case.

without bringing his financial status to bear on the initial *in forma pauperis* question.[6] In a recent case in the Dane County Circuit Court, plaintiff Neri and Rigsby were sanctioned by Dane County Circuit Court Judge John W. Markson for this practice:

> Further, having had an opportunity to review Judge Sumi's decision in the other case involving Mr. Rigsby, and now having it occur twice in cases assigned to me, where we get this pattern of Ms. Neri filing cases on the county dime, and then Mr. Rigsby avoiding having to file an indigency affidavit and coming in and joining, for no reason that makes any sense as been articulated to me . . . neither Ms. Neri nor Mr. Rigsby, who are both parties here and who I'm convinced have now engaged in a pattern of abuse of that process, will not be permitted to file claims here in Dane County without the payment of a fee, and the Clerk of Courts will be asked to have any filing bought by Ms. Neri or Mr. Rigsby for which an indigency affidavit is tendered and waiver of the fee is sought, that will not be granted absent a judge reviewing that and making a determination based on this pattern that that would be reasonable under the circumstances.

Dkt. 34 Exh. 4, Transcript of Motion Hearing at 26, *Neri v. Pinckney Holdings*, no. 13-cv-75 (Dane Cnty. Cir. Ct. Mar. 19, 2013).

Because I am dismissing this case, I will deny Rigby's motion to intervene as moot and conclude that there is no reason to further investigate whether to follow the Dane County Circuit Court's lead regarding sanctions at this time. However, plaintiff Neri and Rigsby should be aware that it is likely this court will inquire upfront about co-ownership of these parties' copyrights the next time one of them files a copyright lawsuit and attempts to proceed *in forma pauperis*.

---

[6] In the one recent Western District case Rigsby has brought directly himself, *Rigsby v. American Family Ins. Co.*, no 14-cv-23-bbc (W.D. Wis.), he paid the filing fee up front.

ORDER

IT IS ORDERED that

1. Defendants Eric Ferguson's and Sentinel Insurance Company's motions to dismiss this case under Fed. R. Civ. P. 12(b)(6), Dkt. 25, 39, are GRANTED and this case is DISMISSED with prejudice. The clerk of court is directed to enter judgment in favor of defendants.

2. Rodney Rigsby's motion to intervene, Dkt. 28, is DENIED as moot.

Entered this 22nd day of August, 2014.

> BY THE COURT:
> /s/
> JAMES D. PETERSON
> District Judge